UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 8 2026

CLERK, U.S. DISTRICT COURT
By _____
Deputy

OSNEIBER JOSUE CONTRERAS-MOLINA
Proceeding Pro Se

Petitioner,

v.

Case No.:

_____, Warden, Prairieland Detention Center;
_____, Field Office Director, Dallas Field Office,
United States Immigration and Customs
Enforcement;
TODD M. LYONS, Acting Director, United States
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary of Homeland Security;
PAMELA JO BONDI, United States Attorney
General, in their official capacities,
Respondents.

8-26CV0867-G

**PETITIONER'S *EX PARTE*
APPLICATION FOR
TEMPORARY RESTRAINING
ORDER**

NOTICE OF EX PARTE APPLICATION

Petitioner Osneiber Josue Contreras-Molina, proceeding pro se, respectfully submits this

emergency ex parte application for a Temporary Restraining Order ("TRO") pursuant to

Federal Rule of Civil Procedure 65(b). Good cause exists to hear this application without

advance notice because providing notice to Respondents would likely result in Petitioner's

immediate transfer or deportation, thereby mooting this action and permanently destroying

this Court's jurisdiction. This constitutes a constitutional emergency requiring this Court's

immediate action.

I. INTRODUCTION

This is an emergency petition to stop a father's deportation and return him to his baby

daughter. Every hour counts. Every hour that passes is another hour that a 15-month-old U.S. citizen girl grows up without her father's embrace. Osneiber Contreras-Molina is a Venezuelan father with no criminal record who is the victim of a triple injustice: he was punished twice for complying with the law, his baby daughter is suffering irreversible psychological trauma, and his pending appeal before the Board of Immigration Appeals ("BIA") is about to be illegally destroyed by his deportation.

Mr. Contreras-Molina's only "crime" was trusting the United States government. He appeared voluntarily at ICE check-ins not once, but twice. Both times, ICE rewarded his compliance with handcuffs and imprisonment. The second imprisonment has lasted over five months. His daughter, Antonella, is learning to walk, learning to speak, learning who her father is through photos instead of his presence. Compounding this injustice, ICE issued a removal order to Ecuador—a country where Petitioner has never lived. His BIA appeal, filed February 3, 2026, is still pending. Yet ICE is poised to deport him at any moment, destroying his appeal, destroying this case, and destroying a family forever.

This Court must act NOW. Not tomorrow. Not next week. NOW. If this Court does not intervene immediately, Petitioner will be deported, this case will be mooted, and a U.S. citizen child will lose her father. The harm is catastrophic, immediate, and irreversible. This Court has the power to stop it. This Court must use that power TODAY.


## II. STATEMENT OF FACTS

1. I am Osneiber Josue Contreras-Molina, a citizen of Venezuela, A-Number 241-824-640. I am currently imprisoned by ICE at the Prairieland Detention Center in Alvarado, Texas.

2. I entered the United States on July 11, 2022, seeking asylum. I have no criminal record whatsoever.

3. I am the father of Antonella, born in the United States on December 28, 2024. She is a

1

United States citizen and is just 15 months old.

4. My daughter is in the most critical developmental stage of her life. My absence is causing her, and my wife who cares for her alone, severe and irreparable emotional harm.

5. On September 4, 2025, I appeared voluntarily for a scheduled ICE check-in, trying to comply with my obligations. ICE arrested me on the spot.

6. I was imprisoned until October 3, 2025. Because of this detention, I was physically unable to attend my scheduled immigration court hearings, severely prejudicing my case.

7. On October 9, 2025—just six days after my release—I again appeared voluntarily for a second scheduled ICE check-in. I continued to place my faith in the process.

8. ICE's response was a second betrayal. They immediately imprisoned me again without a clear explanation. This is punishment for compliance.

9. I have been continuously imprisoned since that day, October 9, 2025, for over five months, separated from my baby daughter.

10. An immigration judge has ordered me removed to Ecuador, a country where I am not from and have no connections. I am Venezuelan.

11. On February 3, 2026, I filed an appeal of this erroneous removal order with the Board of Immigration Appeals. That appeal remains pending.

12. Despite my pending appeal and my status as the father of a U.S. citizen infant, ICE has refused to provide me with a bond hearing.

13. I am now at extreme and imminent risk of being summarily deported to Ecuador. Such action would permanently destroy my pending BIA appeal and make it impossible for this Court to adjudicate my habeas petition.

14. I am not a flight risk. I have demonstrated my commitment to the legal process by appearing voluntarily at two separate ICE offices. My U.S. citizen wife and baby daughter are powerful ties to this community.

2

15. I am not a danger to the community. I have no criminal record. My only "offense" has been seeking safety and trying to be a father to my child.

III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order without notice if the moving party shows, through specific facts, that "immediate and irreparable injury, loss, or damage will result" before the adverse party can be heard. To obtain a TRO, a plaintiff must establish four elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

IV. ARGUMENT

A. Likelihood of Success on the Merits is Overwhelming.

Petitioner's detention is flagrantly unlawful. He is held pursuant to 8 U.S.C. § 1226(a), which requires an individualized bond hearing when detention becomes prolonged. His detention of over five months without a hearing is a clear violation of the Due Process Clause. *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008). The government cannot possibly meet its burden of proving by "clear and convincing evidence" that a non-criminal father who twice appeared voluntarily at ICE offices is a flight risk or danger. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

B. Harm is Catastrophic, Imminent, and Irreparable.

The harm is not theoretical; it is happening now and will become permanent if this Court does not act.

1. Destruction of Judicial Review: If Petitioner is deported, this Court loses jurisdiction, his

3

habeas petition is mooted, and his constitutional claims are extinguished forever. This is the ultimate irreparable harm.

2. Destruction of BIA Appeal: Deportation will render his pending BIA appeal meaningless, denying him his statutory right to appellate review.

3. Permanent Harm to a U.S. Citizen Child: "Ongoing detention constitutes irreparable harm." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1115 (W.D. Wash. 2019). The separation of a father from his 15-month-old baby during critical developmental stages inflicts profound and irreversible psychological trauma. This harm cannot be undone.

C. The Balance of Equities and Public Interest Demand an Injunction.

The scales of justice could not be more lopsided. On one side is Petitioner's loss of liberty, the permanent destruction of his family, and the extinguishment of his legal rights. On the other side is the government's non-existent interest in unlawfully detaining a non-dangerous father and evading judicial oversight. The public interest is overwhelmingly served by upholding the Constitution, protecting the rights of a U.S. citizen child, and ensuring government accountability. The loss of constitutional freedoms, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

V. JUSTIFICATION FOR EX PARTE RELIEF

I, Osneiber Josue Contreras-Molina, certify under penalty of perjury that this application must be heard ex parte for the following reasons:

1. Imminent Threat of Removal to Evade Jurisdiction: It is ICE's well-known practice to transfer or deport individuals who file habeas petitions specifically to render their cases moot. Giving notice is giving them a green light to deport me before this Court can act.

2. Destruction of Pending Appeal: Deportation will destroy my pending BIA appeal, making

4

any subsequent legal action futile.

3. Inability to Provide Notice: As a pro se prisoner, I have no practical means of identifying the correct government attorneys and serving them legal documents in the time required to prevent my removal.

4. Emergency Nature: The threat of deportation is constant and unpredictable. Hours matter, not days.

## VI. PROPOSED ORDER

Petitioner respectfully requests that the Court immediately issue a Temporary Restraining Order that:

1. ENJOINS AND RESTRAINS Respondents, their agents, and all persons acting in concert with them, from transferring Petitioner from this judicial district, or removing or deporting him from the United States, pending further order from this Court.

2. ORDERS Respondents to take no action to execute the removal order while this Court considers the habeas petition.

3. ORDERS Respondents to show cause within seven (7) days why a preliminary injunction should not issue.

4. SETS an expedited hearing on this matter.

5. ORDERS, in the alternative, that if a constitutionally sufficient bond hearing is not provided within seven (7) days, Petitioner shall be immediately released from custody.

6. CLARIFIES that this Order applies to all Respondents and their agents.

7. SETS a hearing date for a Preliminary Injunction within 14 days.

## VII. PRAYER FOR RELIEF

WHEREFORE, for all the reasons stated above, Petitioner respectfully prays that this Court:

1. Grant this Ex Parte Application for a Temporary Restraining Order;

5

2.  Issue the Proposed Order as described above; and

3.  Grant any such further relief that this Court deems just and proper.


VERIFICATION

I, Osneiber Josue Contreras-Molina, being the petitioner, hereby certify under penalty of perjury that the statements set forth herein are true and correct to the best of my knowledge and belief.

Date: March 11, 2026


/S/  *Osneiber Josue Contreras-Molina*
Osneiber Josue Contreras-Molina
Petitioner, Pro Se

6